# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT FREEMAN II, | Case No.: 3:18-cv-00192-MMD-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF Nos. 11, 11-1 |
| C/O LAZANO-CARRERA,<br>C/O HSIEH, | |
| Defendants. | |

Plaintiff originally filed this action and the court screened it and allowed him to proceed with a Fourteenth Amendment excessive force claim against defendant Oreono as well as John Doe 2 when Plaintiff learns his identity. (ECF Nos. 6, 7.) The court issued a summons for Oreono which was returned unexecuted. (ECF Nos. 8, 12.) Plaintiff then filed a motion requesting to substitute Officers Lazano-Carrera and Hsieh into the complaint and to voluntarily dismiss Oreono. (ECF No. 11.) He attaches his amended complaint. (ECF No. 11-1.) The amended complaint alleges that Lazano-Carrera and Hsieh attacked him causing mental and physical injuries.

The court construes Plaintiff's motion as one seeking leave to amend his complaint and voluntarily dismiss Oreono.

Plaintiff's motion (ECF No. 11) is granted insofar as he seeks to voluntarily dismiss Oreono. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's motion for leave to amend is also granted. *See* Fed. R. Civ. P. 15; LR 15-1.

The court has reviewed the complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). The court finds that Plaintiff may proceed with his Fourteenth Amendment

excessive force claim in the amended complaint against Lazano-Carrera and Hsieh for the reasons stated in the original screening order.

**CONCLUSION**

(1) Plaintiff's motion (ECF No. 11) is **GRANTED**. Oreono is **DISMISSED** from this action pursuant to Plaintiff's request.

(2) The Clerk shall **FILE** the amended complaint (ECF No. 11-1) and **SEND** Plaintiff a courtesy copy of the amended complaint.

(3) The amended complaint shall **PROCEED** on the Fourteenth Amendment excessive force claim against Lazano-Carrera and Hsieh.

(4) The Clerk shall **ISSUE** summonses for Defendants Lazano-Carrera and Hsieh, and deliver the same to the U.S. Marshal for service. The Clerk shall also send two (2) copies of the amended complaint, and two (2) copies of this order to the U.S. Marshal for service on the Defendants. The Clerk shall also send to Plaintiff two (2) USM-285 forms. Plaintiff will have **thirty (30) days** within which to furnish the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether or not the Defendants were served. If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the court identifying the unserved Defendant and specifying a more detailed name and/or address for that defendant, or whether some other manner of service should be attempted.

(5) From now on, Plaintiff must serve upon each defendant or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document

submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk or does not include a certificate of service.

**IT IS SO ORDERED**.

Dated: July 18, 2019.

_____
William G. Cobb
United States Magistrate Judge