UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VINCENT FREEMAN, II, | Case No. 3:18-cv-00192-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| FIELD SERVICE AGENTS, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

Plaintiff Vincent Freeman, II, who is incarcerated at Ely State Prison ("ESP"), brings this action under 42 U.S.C. § 1983. (ECF No. 14.) On December 22, 2020, Defendants Armando Lozano-Carrera and Milton Hsieh filed a motion for summary judgment.[1] (ECF No. 45 ("Motion").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 48), recommending the Court deny Defendants' Motion. Defendants filed an objection to the R&R. (ECF No. 49 ("Objection").) Because the Court agrees with Judge Cobb that Plaintiff exhausted his administrative remedies, the Court will overrule the Objection and adopt the R&R in full.

**II.  BACKGROUND**

The following facts are undisputed unless otherwise noted.

**A.  The Incident and the Grievance Process**

Plaintiff alleges that while he was a pretrial detainee at the Clark County Detention Center ("CCDC"), two officers, Lozano-Carrera and Hsieh, attacked him as he began to sit down in a courtroom holding cell. (ECF No. 14.) The same day that incident occurred, August 5, 2016, Plaintiff filed a grievance against Lozano-Carrera and Hsieh. (ECF No.

---

[1]Plaintiff responded (ECF No. 46) and Defendants replied (ECF No. 47).

45-5 at 2 ("Grievance").) In his Grievance, Plaintiff alleges that the officers instigated an unprovoked "malicious attack" which caused him significant pain and scratches on his skin. (*Id.*) Plaintiff further stated that he would be contacting LVMPD Internal Affairs and that he would like to speak with a watch commander. (*Id.*)

On August 10, 2016, Sergeant Steven Williams received and reviewed Plaintiff's grievance. (ECF No. 45-9 at 3.) Sergeant Williams requested a video copy of the incident from the courthouse and instructed Defendant Lozano-Carrera to complete a Use of Force Report. (*Id.*) The next day, August 11, 2016, Sergeant Williams received the video and reviewed it. (*Id.*) Lieutenant Kathryn Bussell also reviewed Plaintiff's grievance, written reports of the incident, and the video recording of the incident. (ECF No. 45-40 at 3.) Lieutenant Bussell then spoke with Plaintiff about the incident and determined, after her review, that Plaintiff had been the sole cause of the altercation and that there was no policy violation occurred. (*Id.* at 3-4.) Under the portion of the Grievance indicating the resolution of the complaint, Lieutenant Bussell wrote: "You and I discussed your grievance on 8-11-16. My office will be following up with the appropriate paperwork." (ECF No. 45-5 at 2.) She then signed and dated the Grievance "8-11-16 @ 1330." (*Id.*)

Plaintiff subsequently brought this civil rights action for excessive force in violation of his Fourteenth Amendment rights. (*Id.*)

### B. Defendants' Motion and Judge Cobb's R&R

Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing suit. (ECF No. 45.) Specifically, Defendants state that the Las Vegas Metropolitan Police Department's Standard Operating Procedure 14.00.00 ("SOP 14.00.00") required Plaintiff to file "another grievance up the chain of command." (*Id.* at 22.) Plaintiff gives three reasons why he was not required to take further action after his grievance was resolved. (ECF No. 46 at 8-9.) First, he argues that the grievance process did not provide monetary damages, so the remedy he sought was not available through grieving. (*Id.* at 8.) Next, Plaintiff counters that SOP 14.00.00 only expressly requires appeals in the prisoner classification context. (ECF No. 46 at 8.)

Reasoning that SOP 14.00.00 is ambiguous or vague at best on how Plaintiff should proceed if he disagreed with Lieutenant Bussell's conclusion, Plaintiff argues that any further process was "effectively unavailable" and that he should be excused from its requirements. (*Id.* at 9.) Finally, Plaintiff asserts he does not recall ever being made aware of the Inmate Handbook which outlines the grievance process. (*Id.*)

Judge Cobb recommends the Court deny the Motion because Plaintiff exhausted his administrative remedies. (ECF No. 48 at 11.) More specifically, Judge Cobb found that SOP 14.00.00 required officers, not inmates, to forward a grievance about staff misconduct up the chain of command, and that the officers' responsibility extends only until the grievance is resolved. (*Id.* at 11.) Judge Cobb reasoned that Plaintiff's Grievance was resolved when Lieutenant Bussell returned it to him with the resolution section completed on August 11, 2016. (*Id.*) Accordingly, SOP 14.00.00 does not require Plaintiff to have taken any further action on his Grievance and the Court may consider it exhausted. (*Id.*)

Judge Cobb further found that Defendants have not provided sufficient evidence to demonstrate that Plaintiff had any information outside of SOP 14.00.00 that he was required to appeal his Grievance. (*Id.* at 12-13.) Although Defendants argue Plaintiff had access to an Inmate Handbook, that rules were posted in Plaintiff's housing unit, and that it is common practice for officers to inform inmates of the appeals requirement, Judge Cobb found that Defendants provided no evidence that any of these forms of information were made available to Plaintiff. (*Id.* at 14.) As a result, Judge Cobb recommends denying Defendants' Motion. Defendants' objection followed. (ECF No. 49.)

**III. LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo

because Defendants filed their Objection. (ECF No. 49.)

## IV. DISCUSSION

Defendants object to the R&R on two grounds. First, Defendants argue that Judge Cobb erred in finding Plaintiff exhausted his administrative remedies because the interpretation of the CCDC grievance procedure is inconsistent with the Court's prior orders. (ECF No. 49 at 2.) Second, Defendants assert it is improper to conclude that the appeals procedure was unavailable to Plaintiff based on his inability to recall appropriate process. (*Id.*) The Court will address each objection in turn.

### A. Administrative Exhaustion

Defendants argue in their Motion that Plaintiff failed to exhaust his administrative remedies because he did not appeal Lieutenant Bussell's resolution of his Grievance. (ECF No. 45 at 22-23.) Plaintiff responds that nothing in SOP 14.00.00 required him to appeal that determination and, accordingly, there were no further remedies available to him. (ECF No. 46 at 9.) A plaintiff's failure to exhaust administrative remedies is "an affirmative defense the defendant must plead and prove." *Albino v. Baca*, 747 F.3d 1162, 1175-76 (9th Cir. 2014). Proper exhaustion requires the plaintiff to use "all the steps the agency holds out." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Judge Cobb agreed with Plaintiff and found that SOP 14.00.00 places no additional burden on an inmate to appeal a grievance once it is resolved.

In their Objection, Defendants first argue that Judge Cobb's interpretation of SOP 14.00.00 conflicts with this Court's interpretation of the same guidance in another case, *Cervantes v. Las Vegas Metropolitan Police Department Detention Services Division, et al.*, Case No. 2:17-cv-00562-MMD-DJA. (ECF No. 49 at 4-7.) The Court does not find the reasoning in *Cervantes* applicable here. In *Cervantes*, the issue was whether the plaintiff received a timely and appealable decision at all.[2] The plaintiff in that case filed several

---

[2] The Court found that he did not. *See* Case No. 2:17-cv-00562-MMD-DJA (ECF No. 117 at 12-13).

grievances requesting urgent medical attention for an abscessed tooth. The Court found there that because CCDC did not timely process his grievances, the plaintiff did not receive a final resolution that he could appeal which would have resulted in any useful remedy.[3] Contrary to Defendants' argument in their Objection, the Court never interpreted SOP 14.00.00 to require that an inmate must appeal a grievance for their administrative remedies to be exhausted, nor that appealing grievances was somehow "central" to CCDC's policy. (ECF No. 49 at 5.) Instead, the Court did not reach the question of whether further appeals were necessary because the plaintiff in *Cervantes* did not receive any timely final determination from which he could appeal.

Moreover, Judge Cobb's interpretation of SOP 14.00.00 in this case does not produce a contrary result to the Court's prior ruling in *Cervantes*. Judge Cobb reasons that SOP 14.00.00 does not provide clear guidance to inmates on several aspects of the appeals process, including whether an appeal up the chain of command is the inmate's responsibility or whether it will be automatically forwarded by the officers[4] or whether any action is required at all once an inmate receives a final resolution.[5] These are questions the Court never reached in *Cervantes*. Here, Plaintiff did receive a final determination from Lieutenant Bussell, but further asserts that SOP 14.00.00 did not require him to take any further administrative action. The Court agrees with Judge Cobb—there is nothing in SOP 14.00.00 that requires an inmate to appeal a resolved grievance up the chain of command.

Insofar as Defendants argue there are other administrative guidelines that did require Plaintiff to appeal a decision made by the platoon lieutenant further up the chain of command, Defendants did not produce those documents or otherwise show that Plaintiff was actually on notice of their alleged requirements. *See Albino v. Baca*, 747 F.3d at 1175-76 (finding defendants failed to demonstrate failure to exhaust when there was no specific

---

[3]*See* Case No. 2:17-cv-00562-MMD-DJA (ECF No. 117 at 12-13).

[4](ECF No. 48 at 11-12 (citing ECF No. 45-14 at Section II(B)(6).)

[5](ECF No. 48 at 10-11 (citing ECF No. 45-14 at Section II(B)(7).)

evidence that inmates knew about the manual discussing the complaint process and an inmate declared he was not told about the process). Viewing the evidence in the light most favorable to Plaintiff, Defendants have not sufficiently shown they are entitled to summary judgment on their affirmative defense that Plaintiff failed to exhaust his administrative remedies. Accordingly, the Court will overrule the Objection.

### B. Availability of Remedies

Defendants further argue that although there was an appeals process that could have afforded Plaintiff available remedies, Plaintiff declined to avail himself of those remedies. (ECF No. 49 at 9.) As a result, Defendants argue, Plaintiff may not claim those remedies were unavailable. (*Id.*) In his opposition to Defendants' Motion, Plaintiff stated that he was satisfied with the resolution of his Grievance "from the standpoint that I had been afforded an investigation of my complaints." (ECF No. 46-1 at 3.) But he also states that was not made aware of the rules regarding grievance appeals, nor was he told that he could appeal the resolution of his Grievance. (*Id.* at 2.) Judge Cobb relied on these assertions to find that Defendants failed to carry their burden of proof that further remedies were available. The Court agrees with Judge Cobb.

Defendants' only evidence that guidelines for a mandatory appeals process exist which Plaintiff was responsible to know lies in the declaration of Sergeant Sheree Butler. (ECF No. 45-15.) While Sergeant Butler attests to the existence of an Inmate Handbook, that inmates have access to the Inmate Handbook, and that appeals procedures are posted in each housing unit, she does not give any specific evidence that Plaintiff actually knew of the Inmate Handbook or of the appeals process requirements. (*Id.* at 3.) More importantly, neither Sergeant Butler's declaration nor any other proffered evidence from Defendants states what that appeals process actually is.

While the Court agrees with Judge Cobb and Defendants that an inmate is not excused from exhausting their administrative remedies merely because the grievance process does not afford monetary damages (ECF No. 48 at 10), the Court finds Defendants fail to demonstrate there were further available remedies that Plaintiff both

knew about and was required to exhaust before filing suit. Plaintiff stated that he could not recall ever having access to the Inmate Handbook. Defendants fail to produce the Inmate Handbook or any other evidence that outlines the appeals process. Moreover, Defendants fail to otherwise provide evidence that Plaintiff specifically was informed of the appeals process. Sergeant Butler's declaration is not enough to prove there were available remedies Plaintiff knew about but did not avail himself of. Accordingly, the Court will overrule the Objection.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's objection (ECF No. 49) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 48) is adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 45) is denied.

DATED THIS 29th Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE